IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **FARHAN MOHAMOUD TANI WARFAA,** | : |
| **Plaintiff,** | : |
| versus | :    **Civil Action No.: 05-701 (LMB/BRP)** |
| **YUSUF ABDI ALI,** | : |
| **Defendant.** | : |

*DEFENDANT YUSUF ABDI ALI'S FIRST MOTION FOR A LIMITED ENLARGEMENT OF THE AMBIT OF TIME WITHIN WHICH IT MAY FILE OBJECTIONS TO PLAINTIFF'S AMENDED PRE-TRIAL DISCLOSURES, AND, CONCOMITANTLY, TO MAKE COUNTER-DESIGNATIONS RESPECTING CERTAIN DEPOSITION EXCERPTS LISTED AS EXHIBITS BY PLAINTIFF*

COMES NOW, before this Honorable Court, the Defendant in respect of the instant action, Yusuf Abdi Ali, by and through its undersigned counsel, and pursuant to the provisions of Federal Rules of Civil Procedure 6 (b) (1) (A), and Local Rule 7, respectfully, to move this Honorable Court for a limited enlargement of the ambit of time, by seven (7) days, within which the Defendant may file his objections to "PLAINTIFF'S AMENDED PRE-TRIAL DISCLOSURES", which were filed herein on 4 March 2019 [Document 181], and, in support whereof, Crown may file its Reply Brief in respect of the instant appeal, and, in support whereof, Crown would direct the attention of this Honorable Court to the following considerations, *viz.*:

    1. That, on 20 August 2018, this Honorable Court entered the currently operative Scheduling Order in respect of this long pending civil action [Document 155]; said Order stated, *inter alia,* that "[t]he parties must *electronically file on or before* the final pretrial conference the Rule 26 (a)(3) disclosures and a list of the exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts" (emphasis in original);

2.  That the said Order further stated, *inter alia,* that "[t]he exhibits themselves or a copy should be exchanged with opposing counsel before the conference [;] [o]bjections to exhibits must be filed within 10 days after the conference; otherwise the exhibits shall stand admitted in evidence";

3.  That the parties hereto complied with the above-referenced provisions of the Scheduling excepting that the Plaintiff expressly asserted a prerogative to make deposition designations respecting the array of *de bene esse* depositions that it had conducted, *in situ,* Djibouti, East Africa, *over a month beforehand;*

4.  That it was not until 29 January 2019, that the Plaintiff did send the undersigned counsel for the Defendant a letter containing extensive discrete proposed *de bene esse* deposition designations, including extensive proposed designations respecting a two-day discovery deposition given by the Defendant in respect of the subject antecedent action, *viz., Jane Doe, et alii, v. Yusuf Abdi Ali,* Civil Action No. 04-1361, back in March of 2005, foreshadowing the designations that Plaintiff ultimately filed with this Honorable Court of 4 March 2019; the said letter also requested that the Defendant notify the Plaintiff of any objections to the proposed designations by 8 February 2019;

5. That, through exchange of correspondence between counsel the undersigned indicated that he needed additional time within which to complete his review and draft objections and counter-designations, with the last communication prior to today with opposing counsel regarding the matter occurred on Monday, 15 February 2019, with a conference call among counsel;

6. That, in the course of the said conference call, the undersigned communicated that, although he was nearing completion of his process of compiling objections and counter-designations, respecting the proposed deposition designations contained in the aforesaid 29 January 2019 letter from Defendant, his progress had become stymied because he discovered that the page references to day two of the Defendant's above-referenced 2005 deposition were out of sequence with the certified copy of the official transcript of that deposition which the undersigned had in position; Plaintiff's counsel

acknowledged this error and the undersigned requested and received a pledge from the Plaintiff that corrected designations would be forthcoming; however, the undersigned also cautioned that he was about to depart the country on an extended trip to Southeast Asia; as it happened, Plaintiff's counsel did supply corrected page designations on the evening of the following day, but that was not until the undersigned departed the country with limited Internet connectivity;

7. That, elaborating on the nature of the undersigned's press of business, it bears mention that, *inter alia,* the undersigned has just returned from an extended trip to Thailand, Cambodia, and Vietnam, in which he was a speaker at the American Immigration Lawyers Association, Bangkok District Chapter Annual Conference, in Bangkok, Thailand, on 28 February 2019, followed by mentoring visits to colleagues who practice consular services immigration law, *in situ,* in Phnom Penh, Cambodia, and Ho Chi Minh City, Vietnam, and ultimately returned to the United States less than a week ago, *id est,* on Friday 8 March 2019;

8. That notwithstanding that Plaintiff was aware of the undersigned's itinerary, Plaintiff went ahead and filed its Amended Pretrial Disclosures on 4 March 2019, while the undersigned was, *in situ,* in Ho Chi Minh City, Vietnam, which would make any objections thereto due by today;

9. That, upon his return to the United States and his recovery from the attendant jet lag of his long journey, the undersigned has endeavored to modify his workload so as to complete and submit Defendant's objections and counter-designations, even going so far to move this Honorable Court in another action pending before Judge Gibney of the Richmond Division for an enlargement of time to file a Reply Brief in a Bankruptcy Court appeal, which motion was promptly granted, thus, as it were, helping the undersigned to clear the table so as to complete the task at hand;

10. That in his contact with opposing counsel by e-mail this evening Plaintiff indicates that Plaintiff intends to oppose the instant motion, although Defendant respectfully urges that the foregoing confluence of circumstances constitute good cause for granting the instant motion;

11. That this is Defendant's first, and, hopefully, last motion for an extension of time as requested herein;

12. That the time for noting objections has not as yet expired.

WHEREFORE, and for the foregoing reasons, Crown respectfully prays that the instant motion be granted.

Dated: 14 March 2019, at Fredericksburg, Virginia

        Respectfully submitted,

        */s/ Joseph Peter Drennan*
        **JOSEPH PETER DRENNAN**
        218 North Lee Street
        Third Floor
        Alexandria, Virginia 22314
        Telephone: (703) 519-3773
        Telecopier: (703) 997-2591
        *E-mail:* joseph@josephpeterdrennan.com
        Virginia State Bar No. 023894

        *Counsel for Defendant*

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION

1. The factors spelt out in the foregoing motion;

2. Federal Rules of Civil Procedure, Rule 6 (b) (1) (A);

3. The record herein; &

4. The interests of justice.

                                  Respectfully submitted,

                                  */s/ Joseph Peter Drennan*
                                  **JOSEPH PETER DRENNAN**
                                  218 North Lee Street
                                  Third Floor
                                  Alexandria, Virginia 22314
                                  Telephone: (703) 519-3773
                                  Telecopier: (703)997-2591
                                  E-Mail: *joseph@josephpeterdrennan.com*
                                  Virginia State Bar No. 023894

## CERTIFICATE OF SERVICE

I, Joseph Peter Drennan, undersigned, hereby and herewith certify that, on this 14th day of January 2019, a true, xerographic facsimile of the foregoing was despatched electronically, by CM/ECF, to each of the following, *viz.*:

Lindsay R. Barnes III, Esquire [ Lindsay.Barnes@dlapiper.com ]
Louis Ramos, Esquire [ Louis.Ramos@dlapiper.com ]
Benjamin D. Klein, Esquire [ Ben.Klein@dlapiper.com ]
DLA Piper LLP (US)
500 Eighth Street, N.W.
Washington, D.C. 20004;

Joseph C. Davis, Esquire [Joe.Davis@dlapiper.com ]
DLA Piper LLP (US)
11911 Freedom Drive, Suite 300
Reston, Virginia 20190; &

L. Kathleen Roberts, Esquire [ kroberts@cja.org ]
Nushin Sarkarati, Esquire [nsarkarati@cja.org ]

Carmen Cheung, Esquire
Center for Justice & Accountability
One Hallidie Plaza, Suite 406
San Francisco, California 94102.

        Respectfully submitted,

        /s/Joseph Peter Drennan
        **JOSEPH PETER DRENNAN**
        218 North Lee Street
        Third Floor
        Alexandria, Virginia 22314
        Telephone: (703) 519-3773
        Telecopier: (703) 997-2591
        E-mail: joseph@josephpeterdrennan.com
        Virginia State Bar No. 023894

        Attorney and Counsellor for Defendant