**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| FARHAN MOHAMOUD TANI WARFAA, </br></br>      Plaintiff, </br></br>v. </br></br>YUSUF ABDI ALI, </br></br>      Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 1:05-cv-701-LMB-BRP |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL PORTIONS OF PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND EXHIBITS**

Plaintiff Farhan Mohamoud Tani Warfaa submits this memorandum in support of its Motion to Seal pursuant to Local Civil Rule 5.

**I.   INTRODUCTION**

Concurrent with this Motion to Seal, Plaintiff is filing a Motion for Summary Judgment. Portions of Plaintiff's Memorandum In Support of the Motion for Summary Judgment and Exhibits cite excerpts of Defendant's deposition transcript in this matter. At the time of his deposition, Defendant designated the entirety of his deposition as "Confidential" pursuant to a Protective Order. In recent correspondence, Defendant, by counsel, confirms that he continues to assert the entire deposition transcript should be designated "Confidential."

While Plaintiff objects to Defendant's blanket "Confidential" designation over the entirety of his deposition transcript, Plaintiff nevertheless moves to seal the portions of his Memorandum In Support of the Motion for Summary Judgment and Exhibits that cite Defendant's deposition transcript. Plaintiff moves to seal portions of his summary judgment

motion as a courtesy to Defendant while the parties continue to meet and confer over which portions of Defendant's deposition, if any, should be designated "Confidential." By doing so, Plaintiff in no way waives his objection to Defendant's blanket designation of his deposition transcript.

## II. STATEMENT OF FACTS

Plaintiff Warfaa (as "John Doe"), along with another plaintiff (as "Jane Doe"), filed this lawsuit on November 10, 2004, in docket number 1:04-cv-1361 (ECF No. 1), bringing claims under the Alien Tort Statute (28 U.S.C. § 1350) and the Torture Victims Protection Act ("TVPA"). On January 21, 2005, the parties filed and the Court entered an agreed Protective Order (ECF No. 33, attached hereto as Exhibit A to the Declaration of L. Barnes). That Protective Order provides, in part, that "[p]arties may designate depositions or other testimony as 'Confidential' by indicating on the record that the testimony is confidential at the time it is given." *Id.* ¶ 4. Further, the Protective Order states, "[i]f a party deems it necessary to attach Discovery Material designated 'Confidential' to a document filed with the Court, the party may move this Court for an Order sealing the designated Discovery Material and any references thereto in the document filed." *Id.* ¶ 11. Finally, the Protective Order provides that in the event of a disagreement between the parties over the justification for a given confidentiality designation, "[t]he parties will use their best efforts to resolve the objections between themselves," and "[t]he producing party carres [sic] the burden of justifying its 'Confidential' designations." *Id.* at ¶ 10.

Plaintiff's counsel deposed Defendant on April 20 and 21, 2005. During the deposition, Defendant's counsel designated the entirety of Defendant's testimony as "Confidential" pursuant to the Protective Order.

On April 29, 2005, the Court dismissed the original "John Doe" complaint, with leave to refile within 45 days under certain conditions. *See* Case No. 1:04-cv-1361, ECF No. 83. Plaintiff (as John Doe) and Jane Doe re-filed this suit on June 13, 2005 as Case No. 1:05-cv-701. ECF No. 1. Plaintiff filed an Amended Complaint on May 9, 2014 (ECF No. 89), reflecting that the former "Jane Doe" plaintiff was no longer a party to the litigation. Plaintiff filed a Second Amended Complaint on June 6, 2018. ECF No. 151. The Second Amended Complaint alleges two claims under the TVPA for attempted extrajudicial killing and torture. Defendant filed an Answer to the Second Amended Complaint on June 27, 2018. ECF No. 152.

Concurrent with this Motion to Seal, Plaintiff has filed a Motion for Partial Summary Judgment. Before filing the underlying Motion for Partial Summary Judgment, Plaintiff's counsel advised Defendant's counsel that it would be filing a summary judgment motion and asked Defendant's counsel to withdraw the "Confidential" designation. Declaration of L. Barnes, Ex. B. Defendant's counsel refused to withdraw the "Confidential" designation over Defendant's deposition. Declaration of L. Barnes, Ex. C. As of the date of this filing, the parties are continuing to meet and confer about the "Confidential" designation over Defendant's deposition. *See* Declaration of L. Barnes, Ex. D. Defendant has not yet provided any justification for his blanket confidentiality designation over his deposition transcript. Declaration of L. Barnes ¶ 7.

### III. ARGUMENT

#### A. Plaintiff Moves to Seal Portions of Its Memorandum In Support of Its Partial Motion for Summary Judgment and Exhibits

Plaintiff does not agree with Defendant that a "Confidential" designation over the entirety of Defendant's deposition transcript is appropriate. Plaintiff is, however, mindful of the requirement in Local Civil Rule 56 that a summary judgment motion be heard a "reasonable time" before trial. In light of the upcoming trial date in this matter, to avoid any delay in filing its Motion for Partial Summary Judgment, and as a courtesy to Defendant, Plaintiff files this Motion to Seal. Plaintiff asks the Court to seal those portions of its Memorandum In Support of the Partial Motion for Summary Judgment and Exhibits which cite Defendant's deposition while the parties continue to meet and confer over Defendant's blanket "Confidential" designation.

#### B. The *Aschraft* Factors Are Satisfied, and the Court Should Grant the Motion to Seal

This Court has broad discretion over its records, and may seal documents if it (1) "provide[s] public notice of the request to seal and a reasonable opportunity for interested parties to object; (2) consider[s] less drastic alternatives to sealing the documents; and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Aschraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

Each of these factors is satisfied. First, the requirement of public notice has been satisfied by Plaintiff's filing on the public record its Motion to Seal. *See May v. Medtronic Inc.*, 2006 WL 132875, at *1 (D.S.C. May 15, 2006) (applying *Aschraft*). In addition, Plaintiff has filed this non-confidential Memorandum In Support of the Motion to Seal on the public record pursuant to Local Civil Rule 5(C).

Second, Plaintiff requests only that specific portions of its Memorandum In Support of Partial Summary Judgment and Exhibits be sealed. Under these circumstances, and with

Defendant continuing to assert a blanket "Confidential" designation over the entirety of his deposition transcript, there are no less drastic alternatives available to Plaintiff, other than his motion to seal in accordance with the Protective Order.

Finally, there are specific reasons to support a decision to seal. The parties agreed to the Protective Order in this case in good faith, and the Protective Order remains binding on the parties. Though the parties continue to disagree about the breadth of Defendant's "Confidential" designation, Plaintiff is respectful of the procedures the parties agreed to in the Protective Order and moves to seal in accordance with that Order.

## IV.     CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Seal should be granted.

- 6 -

Dated:  April 5, 2019　　　　　　　　　　　Respectfully submitted,

By:  _____/s/_____
　　　Lindsay R. Barnes III (VSB# 85904)
　　　Courtney Saleski (admitted *pro hac vice*)
　　　Louis Ramos (admitted *pro hac vice*)
　　　Benjamin D. Klein (admitted *pro hac vice*)
　　　DLA Piper LLP (US)
　　　500 Eighth Street, NW
　　　Washington, DC 20004
　　　Telephone:  (202) 799-4000
　　　Facsimile:  (202) 799-5000
　　　Email:  Lindsay.Barnes@dlapiper.com
　　　Email:  Courtney.Saleski@dlapiper.com
　　　Email:  Louis.Ramos@dlapiper.com
　　　Email:  Ben.Klein@dlapiper.com

　　　L. Kathleen Roberts (admitted *pro hac vice*)
　　　Nushin Sarkarati (admitted *pro hac vice*)
　　　Carmen Cheung (admitted *pro hac vice*)
　　　Center for Justice & Accountability
　　　One Hallidie Plaza, Suite 406
　　　San Francisco, CA 94102
　　　Phone:  (415) 544-0444
　　　Fax:  (415) 544-0456
　　　Email:  kroberts@cja.org
　　　Email:  nsarkarati@cja.org
　　　Email:  ccheung@cja.org

　　　***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of April 2019, a copy of the foregoing was served upon the following counsel of record via the CM/ECF system and via e-mail:

Joseph Peter Drennan, Esq.
218 North Lee Street, Third Floor
Alexandria, Virginia 22314-2631
Phone: (703) 519-3773
Email: joseph@josephpeterdrennan.com

                                                  Respectfully submitted,

                                                  /s/
                                        Lindsay R. Barnes III (VSB# 85904)
                                        DLA Piper LLP (US)
                                        500 Eighth Street, NW
                                        Washington, DC 20004
                                        Telephone: (202) 799-4000
                                        Facsimile: (202) 799-5000
                                        Email: Lindsay.Barnes@dlapiper.com