IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **FARHAN MOHAMOUD TANI WARFAA,** | : |
| **Plaintiff,** | : |
| versus | : Civil Action No.: 05-701 (LMB/BRP) |
| **YUSUF ABDI ALI,** | : |
| **Defendant.** | : |

***DEFENDANT'S MEMORANDUM IN RESPONSE TO COURT ORDER OF 22 APRIL 2019 & IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [Document 206] AND MOTION TO SEAL [Document 208]***

COMES NOW, before this Honorable Court, the Defendant in respect of the above- encaptioned cause, *viz*., YUSUF ABDI ALI, by and through his undersigned attorney and counsellor, and pursuant to, *inter alia*, this Honorable Court's Order of even date, *viz.,* 22 April 2019, to apprise the Court of the following, *viz.*:

1. That, as regards Plaintiff's Motion for Partial Summary Judgment, filed herein on 5 April 2019, the ***Defendant respectfully abides by his affirmative defense that the instant cause is barred by the applicable statute of limitations***, which was pled by the Defendant as his *Fourth Affirmative Defense* to the *Plaintiff's Second Amended Complaint* [Document 152], which was filed in the instant cause on 27 June 2018 (Ans. at Page 2, Paragraph 40);

2. That, the sole remaining count of supposed liability of the Defendant in the instant litigation isthat the Plaintiff contends that the Plaintiff should stand liable to the Plaintiff pursuant to the statutory cause of action known by the popular name of the Torture Victims Protection Act (hereinafter referenced as "TVPA"), Pub. L. No. 102-256, 106 Stat. 73 (1992), which has been codified at  28

U.S.C., Section 1350), which statutory provision contains, at Section 2 (c) thereof , a ten (10) year limitation of actions period;

   3. That, in light of the 10 January 2019 *Declaration of Professor Noah Benjamin Novogrodsky*,which was filed herein on 5 April 2019, as "EXHIBIT F" in respect of *Plaintiff's Memorandum of Points and Authorities in Support* of the said motion [Document 207-6], for which the Defendant does not have countervailing expert opinion evidence, the Defendant will concede that aspect of his statute of limitations defense addressing the Defendants period of residence in Canada;

   4. That the Defendant has also elected, here and now, to concede that the Plaintiff's claim should be barred because the Plaintiff somehow did not exhaust available administrative remedies in Somalia;

   5. That, in light of the two foregoing concessions by the Defendant, the Defendant respectfully submits that the remaining areas of inquiry, as regards whether, *vel non,* the Defendant has a viable defense of the limitation of actions to the subject TVPA count which remains pending against him are as follows, *viz.*: (a) did the Defendant reside in the United States for more that a decade prior to the commencement of the instant suit ?; & (b) if the Defendant did reside in the United States for mor than a decade prior to the initiation of the instant suit, is the Plaintiff entitled to any equitable tolling, and, *if so*, to what extent, and, on what basis,  is the Plaintiff deemed entitled to equitable tolling;

   6. That the record herein is clear, and the parties apparently concur, that the Defendant had resided in the United States for more than a decade, *in toto,* after the alleged accrual of the alleged cause of action and prior to the initiation of the instant action[1];

---

[1] The Defendant irrefragably resided in the United States for the following relevant periods, *viz.:* October of 1992 to July of 1994 (1 year, 9 months); & from December of 1996 to October of 2004 (when the initial, antecedent  suit was filed) (another 7 years, and 10 months); however, he also resided for a time, in the U.S. for a time prior to his move to Canada, thus taking his periods of residence in the U.S. over the ten year threshold. Then, there is also the month between the Plaintiff's taking of a nonsuit in the subject antecedent action and the commencement of this action.

7.  That the Defendant respectfully submits that a determination of the Plaintiff's claimed entitlement to equitable tolling which is contested (*see: Answer to Second Amended Complaint* at *passim*) is inherently fact specific and thus is not susceptible of isolated, *ipse dixit,* assertions of the Plaintiff or else the conclusory opinions on the issue by his proferred experts, thus making summary judgment on the Defendant's affirmative defense of the statute of limitations inappropriate;

8.  That, accordingly, the Defendant respectfully urges that this Honorable Court take under advisement the subject motion, allow the taking of evidence at trial, and submit the question as to whether, *vel non*, the Plaintiff could have initiated suit in this jurisdiction within ten (10) years of the Defendant's residency here the subject of a special interrogatory to be included on the verdict form to be submitted to the jury for consideration following the conclusion of evidence at trial;

9.  That, upon the jury's rendition of a verdict, this Honorable Court could thereupon render a judgment as to whether the Defendant's statute of limitations defense is viable and dispositive, if the jury were to find the Plaintiff liable for the sole remaining count contained in this law suit;

10.  That, as regards the Plaintiff's Motion to Seal, also filed herein filed herein on 5 April 2019 [Document 208], the Defendant respectfully apprises the Court that the Defendant, upon reflection, has elected not to take a position as to the said motion;

WHEREFORE, and for the foregoing reasons, the Defendant ever prays that the instant motion for summary judgment be deferred and that he be afforded such other and further relief as may be appropriate and proper. .

Dated: 22 April 2019, at Fredericksburg, Virginia.

                                            Respectfully submitted,

                                            /s/Joseph Peter Drennan
                                            **JOSEPH PETER DRENNAN**
                                            218 North Lee Street
                                            Third Floor
                                            Alexandria, Virginia 22314
                                            Telephone: (703) 519-3773
                                            Telecopier: (703) 997-2591
                                            E-mail: joseph@josephpeterdrennan.com
                                            Virginia State Bar No. 023894

                                            Attorney and Counsellor for Defendant

### CERTIFICATE OF SERVICE

    I, Joseph Peter Drennan, undersigned, hereby and herewith certify that, on this 22nd day of April 2019, a true, xerographic facsimile of the foregoing was despatched electronically, by CM/ECF, to each of the following, *viz.*:

Lindsay R. Barnes III, Esquire [ Lindsay.Barnes@dlapiper.com ]
Louis Ramos, Esquire [ Louis.Ramos@dlapiper.com ]
Benjamin D. Klein, Esquire [ Ben.Klein@dlapiper.com ]
DLA Piper LLP (US)
500 Eightth Street, N.W.
Washington, D.C. 20004;

Joseph C. Davis, Esquire [Joe.Davis@dlapiper.com ]
DLA Piper LLP (US)
11911 Freedom Drive, Suite 300
Reston, Virginia 20190; &

L. Kathleen Roberts, Esquire [ kroberts@cja.org ]
Nushin Sarkarati, Esquire [nsarkarati@cja.org ]
Carmen Cheung, Esquire
Center for Justice & Accountability
One Hallidie Plaza, Suite 406
San Francisco, California 94102.

        Respectfully submitted,

        /s/Joseph Peter Drennan
        **JOSEPH PETER DRENNAN**
        218 North Lee Street
        Third Floor
        Alexandria, Virginia 22314
        Telephone: (703) 519-3773
        Telecopier: (703) 997-2591
        E-mail: joseph@josephpeterdrennan.com
        Virginia State Bar No. 023894

        Attorney and Counsellor for Defendant